IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :

    V.  :  CRIMINAL NO. 17-631

Troy Reese  :

      :

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Troy Reese, by and through his undersigned counsel, William J. Brennan, Esquire, hereby submits this memorandum in mitigation of his sentence in this matter.

**I.    FACTS**

The defendant adopts the facts as set forth in the presentence investigation report.

**II.    SENTENCING FLEXIBILITY IN THE POST-*BOOKER* ERA**

**A.    The Advisory Sentencing Guidelines.**

On January 12, 2005, the United States Supreme Court ruled that its holdings in *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey,* 530 U.S. 466 (2000) applied to the U.S. Sentencing Guidelines and, therefore, the Sentencing Guidelines violated the Sixth Amendment of the United States Constitution. *United States v. Booker*, 543 U.S. 220, 244 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found "no relevant distinction between the sentence imposed pursuant to the Washington statute in *Blakely* and the sentences imposed pursuant to the federal sentencing guidelines" in the cases before the Court. *Id.* at 235.

Accordingly, reaffirming its holding in *Apprendi,* the Court concluded that "[a] any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proven to a jury beyond reasonable doubt." *Id.* at 244.

Significantly, based on this conclusion, the Court further found that those provisions of the Federal Sentencing Reform Act of 1984 which make the Guidelines mandatory, that is, 18 U.S.C. §3553(b)(1), or which rely upon the Guidelines' mandatory nature, that is, 18 U.S.C. §3742(c), are incompatible with its Sixth Amendment holding. *Booker, 543* U.S.C. at 244. Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." *Id* at 245. Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act as revised by *Booker* "requires a sentencing court to consider Guidelines ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well" as articulated in 18 U.S.C. §3553(a). *Booker*, 543 U.S. at 245-46 (citations omitted). Thus, under *Booker*, sentencing courts must treat the Guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a). See *United States v. Coleman*, 451 F.3d 154, 158 (3d Cir. 2006) ("[T]he Guidelines' recommended range may be modified or disregarded by a district court upon consideration of the other sentencing factors Congress has identified in §3553 (a)").

In the Third Circuit, district courts considering the appropriate sentence for a criminal defendant must "follow a three-step sentencing process:"

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker,*

(2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guideline calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force;

(3) Finally, they are required to exercise their discretion by considering the relevant §3553(a) factors...in setting the sentence they impose regardless [of] whether it varies from the sentence calculated under the Guidelines.

*United States v. Gunter,* 462 F.3d 237, 247 (3d Cir. 2006)(citations omitted). Thus, in the critical third *Gunter* step, the district courts must apply their own independent judgment to the sentence to be imposed in light of the sentencing factors, whether or not that judgment results in a sentence within the advisory range. In fact, the district court must give "meaningful consideration to the section 3553(a)(2) factors" and impose sentence for reasons that are logical and consistent with those factors; however, the Third Circuit has rejected any presumption that sentences should be imposed within guideline range. *United States v. Cooper,* 437 F 3d 324, 329-330 (3d Cir. 2006).

### B. **Guidelines Are Not Presumptively Reasonable**

A sentence within the Sentencing Guidelines range for the defendant would be unreasonable because such a sentence would fail to appropriately consider the defendant's personal history and characteristics pursuant to 18 U.S. C. §3553(a)(1). This Court is not bound by the Sentencing Guidelines and, instead, pursuant to 18 U.S. C. §3553(a), has the authority to impose any sentence which is "sufficient, but not

greater than necessary," to comply with the traditional goals of sentencing.

In *United States v. Rita*, 2007 WL 1772146 (U.S., June 21, 2007), the United States Supreme Court was faced with the question of whether Circuit Courts should adhere to a presumption of reasonableness when deciding on direct appeal, whether a sentencing judge appropriately applied the guidelines. The Supreme Court held that, on appeal, Circuit Courts "may afford a presumption of reasonableness to a within-guidelines sentence." *Rita* at *6 (emphasis added). The Supreme Court clearly stated that such a discretionary presumption does not apply to sentencing courts. *Id* at *9. "The presumption [of reasonableness for a Guidelines sentence]...is an appellate court presumption... In determining the merits of.... [sentencing] arguments, the sentencing court does **not** enjoy the benefit of a legal presumption that the Guidelines should apply." *Rita* at *9. (emphasis added).

In fact, the *Rita* decision clearly maintains that district courts, when imposing a sentence, do not have a subordinate role to the Commission, do not have to defer to the Commission's judgments and policy decisions, and can reach their own judgments regardless of whether they disagree with the commission's position. *Rita* at *7. The district court may therefore determine that a guideline sentence:

> [s]hould not apply because the case at hand falls outside the "heartland" to which the Commission intends individual Guidelines to apply, ...because the Guidelines sentence itself fails to properly reflect §3553(a) considerations, or perhaps because the case warrants a different sentence regardless.

*Rita* at *9. For example, the sentencing g court must address arguments that the

Sentencing Guidelines "reflect an unsound judgment or...that they do not generally treat certain defendant characteristics in the proper way." *Rita* at *12. The *Rita* Court even states that, "[a]s far as the law is concerned, the [sentencing] judge could disregard the Guidelines." *Rita* at *10.

In *Rita,* the Supreme Court did not overrule the Third Circuit's holding in *United States v. Cooper;* in fact, the *Rita* and *Cooper* decisions are consistent. In *Cooper*, the Third Circuit stated that "[a]lthough a within-guideline range sentence is more likely to be reasonable than one that lies outside the advisory guideline range, a within-guidelines sentence **is not necessarily reasonable per se**." *United States v. Cooper*, 437 F.3d 324, 331 (3d Cir. 2006)(emphasis added). Thus the Cooper court rejected the notion that a within-guidelines sentence is presumptively reasonable because that would "come close to restoring the mandatory nature of the guidelines." *Id*. Similarly, in *Rita*, the Supreme Court held that the presumption of reasonableness is "non-binding" and has no "independent legal effect." *Rita* at 6. Simply put, the reasonableness presumption applies on direct appeal and, at the sentencing stage, after considering the Guidelines and the §3553(a) factors, the district court is free to decide that the statutory factors trump the Guidelines.

In his concurring opinion in *Rita*, Justice Stevens stated that "...as a practical matter, many federal judges continue to treat the Guidelines as virtually mandatory after our decision in *Booker*...[G]iven the clarity of *Rita's* holding, I trust that those judges who have treated the Guidelines as virtually mandatory during the Post-*Booker* interregnum will now recognize that the Guidelines are truly advisory." *Rita* at *13. In every case, a sentencing court must now consider all of the §3553(a) factors,

and not just the Sentencing Guidelines as set forth in §3553(a) (4)(A), to determine a sentence that is sufficient, but not greater than necessary, to meet the goals of sentencing. Where the guidelines conflict with other sentencing factors articulated in §3553(a), these other statutory sentencing factors should generally take priority over the Guidelines. See *United States v. Denardi*, 8892 F2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part) (arguing that since 3553(a) requires a sentence to be no greater than necessary to meet the four purposes of sentencing, the imposition of a sentence greater than necessary to meet those purposes violated the statute and is reversible even if within the guideline range).

### C. The Directive and Factors Embodied in 18 U.S.C. §3553(a)

The primary directive in 18 U.S.C. §3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 of §3553(a)." Section 3553(a)(2) states that these purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and,

(D) to provide the defendant with needed educational of vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a)(2). Of course, these §3553(a)(2) factors are simply a restatement of the traditional goals of sentencing of retribution, deterrence, the protection of society, and rehabilitation. These goals, formerly relegated to an afterthought by the U.S. Sentencing Commission, have been reinvigorated by the Supreme Court in *Booker.*

In determining a sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

    (1) "the nature and circumstances of the offense and the history and characteristics of the defendants," see 18 U.S.C. §3553(a);

    (2) "the kinds of sentences available," *see* 18 U.S.C. §3553(a)(3);

    (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *see* 18 U.S.C. §3553(a)(6); and

    (4) "the need to provide restitution to any victims of the offense; see 18 U.S.C. §3553(a)(7).

This is not an exhaustive list of the factors which the Court can consider. Indeed, pursuant to 18 U.S.C. §3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

## III. DETERMINING AN APPROPRIATE SENTENCE FOR TROY REESE

### A. Introduction

Pursuant to the Third Circuit's ruling in *United States v. Gunter*, at sentencing, district courts should (i) conduct a sentencing guidelines analysis; (ii) formally rule on the motions of both parties, including requests for downward departures; (iii) exercise the sentencing court's discretion by considering the relevant section §3553 factors to impose an appropriate sentence regardless of whether it varies from the sentence calculated under the guidelines. 462 F.3d 237, 247 (3d Cir. 2006) (citations omitted).

### B. Sentencing Guideline Calculation for Reese

**1. Offense Level Computation**

The defense does not object to the offense level computation included in the presentence report.

**2. Criminal Offense History Calculation**

The defense does not object to the criminal offense history calculation included in the presentence report.

**3. Guideline Range**

The defense does not object to the calculation of the guideline range included in the presentence report.

### C. Other Sentencing Factors for the court to consider.

1. <u>Troy Reese Shows Remorse</u>

Mr. Reese has accepted responsibility for his actions, and expressed remorse at the outcomes. This is evidenced most specifically by Mr. Reese pleading guilty and not forcing the government to try its case. This acceptance of responsibility should factor

into the sentencing decision.

2.  <u>Mr. Reese's mental and behavioral health</u>

Mr. Reese has a number of behavioral health conditions as outline in the presentence report while Mr. Reese is aware that he will necessarily receive a sentence of incarceration it is important for the court to recognize that Mr. Reese will be in an especially vulnerable prisoner due both to the nature of his charges and his mental health condition.

3.  <u>Other Factors Warranting Mitigation</u>

In addition to his acceptance of responsibility, the defense reserves the right to address in open court other factors for the court to consider at the time of sentencing.

**IV. CONCLUSION**

Based on all of the above-factors, Troy Reese respectfully requests that this Court use its discretionary powers to mitigate his sentence, and sentence Mr. Reese at the bottom of the sentencing guidelines pursuant to his plea agreement.

Respectfully submitted,

_____
William J. Brennan, Esq.
Attorney for Defendant